IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CURTIS PATRICK HENRY,

                                                              OPINION AND ORDER

                  Plaintiff,

                                                  21-cv-137-bbc

        v.

CAELEE WHITEAKER,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Curtis Patrick Henry, who is incarcerated at the Dane County jail, has filed this proposed civil action under 42 U.S.C. § 1983, alleging that his probation and parole agent violated his Fourth Amendment rights by placing him on a probation or parole hold based on false allegations. Plaintiff alleges that he has been held in custody since November 24, 2020. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing the complaint, I conclude that plaintiff's complaint must be dismissed.

OPINION

       Plaintiff alleges that he is being held for alleged violations of his probation or parole. However, it is my understanding from plaintiff's complaint and the documents attached to it that revocation proceedings have not been completed. Principles of equity, comity, and federalism preclude federal courts from hearing cases that interfere with ongoing state proceedings. Younger v. Harris, 401 U.S. 37, 45 (1971). Indeed, "[t]he Younger doctrine

requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." SKS & Assocsiates, Inc. v. Dart, 619 F.3d 674, 678 (7th Cir. 2010).

In addition, "when officials engage in activities that are 'inexorably connected with the execution of parole revocation procedures and are analogous to judicial action,' they are also entitled to absolute immunity." Smith v. Gomez, 550 F.3d 613, 619 (7th Cir. 2008) (citing Walrath v. United States, 35 F.3d 277, 282 (7th Cir.1994)). "[P]robation officers are absolutely immune from suits challenging conduct intimately associated with the judicial phase of the criminal process." Tobey v. Chibucos, 890 F.3d 634, 649 (7th Cir. 2018) (recommending revocation of probation is quasi-judicial act).

Finally, any challenge to plaintiff's state court criminal conviction, sentence or revocation of probation and parole would be barred by the rule in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which prohibits a plaintiff from bringing claims for damages under § 1983 if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." See also Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying Heck to "fact or duration" of parole); Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) ("[A claim that] would necessarily imply the invalidity of [the prisoner's] Wisconsin parole revocation . . . cannot be shown through a § 1983 suit."). In addition, any rules of supervision or conditions of plaintiff's probation and parole are part of his sentence because they "define the perimeters of [his] confinement." Williams, 336 F.3d at 579-80 ("It is because of these restrictions that parolees remain 'in custody' on their

unexpired sentences and thus may initiate a collateral attack while on parole."). <u>See also</u> <u>Drollinger v. Milligan</u>, 552 F.2d 1220 (7th Cir.1977) (applying <u>Heck</u> to conditions of probation).

In other words, to the extent plaintiff is effectively attempting by this lawsuit to undo the effects of his state court conviction or sentence or the fact, duration or conditions of his probation or parole, he cannot bring such claims unless the relevant decision has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 486-87.  Because plaintiff has not made such a showing, any claims challenging the fact, duration or conditions of his probation or parole are barred.

For all of these reasons, plaintiff's claims will be dismissed.

ORDER

IT IS ORDERED that plaintiff Curtis Patrick Henry's claims challenging his probation or parole hold are DISMISSED WITHOUT PREJUDICE.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 28th day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3